FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TYLER CHASE HARPER, a minor, by
and through his parents Ron and
Cheryl Harper; RON HARPER; CHERYL
HARPER; KESLIE K. HARPERE, a
minor, by and through his parents
Ron and Cheryl Harper,
            *Plaintiffs-Appellants,*

                    v.

POWAY UNIFIED SCHOOL DISTRICT;
JEFF MANGUM; LINDA VANDERVEEN;
PENNY RANFTYLE; STEVE MCMILLAN;
ANDY PATAPOW, All Individually and
in their official capacity as Members
of the Board of the Poway Unified
School District; DONALD A. PHILLIPS,
Individually, and in his official
capacity as Superintendent of the
Poway Unified School District;
SCOTT FISHER, Individually and in his
official capacity as Principal of
Poway High School; LYNELL
ANTRIM, Individually and in her
official capacity as Assistant
Principal of Poway High School; ED
GILES, Individually and in his
official capacity as Vice Principal of
Poway High School; DAVID
LEMASTER, Individually and in his
official capacity as Teacher of
Poway High School; DOES 1
THROUGH 20, INCLUSIVE,
            *Defendants-Appellees.*

No. 04-57037

D.C. No.
CV-04-01103-JAH
Southern District
of California,
San Diego

ORDER

Filed July 31, 2006

Before: Stephen Reinhardt, Alex Kozinski, and
Sidney R. Thomas, Circuit Judges.

Order;
Concurrence by Judge Reinhardt;
Concurrence by Judge Gould;
Dissent by Judge O'Scannlain

---

## ORDER

A judge requested a vote on whether to rehear this matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35. The request for rehearing en banc is denied.

---

REINHARDT, Circuit Judge, concurring in the order denying the petition for rehearing en banc:

The dissenters still don't get the message — or *Tinker*! Advising a young high school or grade school student while he is in class that he and other gays and lesbians are shameful, and that God disapproves of him, is not simply "unpleasant and offensive." It strikes at the very core of the young student's dignity and self-worth. Similarly, the example Judge Kozinski offers, a T-shirt bearing the message, "Hitler Had the Right Idea" on one side and "Let's Finish the Job!" on the other, serves to intimidate and injure young Jewish students in the same way, as would T-shirts worn by groups of white students bearing the message "Hide Your Sisters — The Blacks Are Coming." Under the dissent's view, large numbers of majorty students could wear such shirts to class on a daily

basis, at least until the time minority members chose to fight back physically and disrupt the school's normal educational process. *Tinker v. Des Moines Indep. Sch. Dist.*, 393 U.S. 503, 513 (1969).

Perhaps some of us are unaware of, or have forgotten, what it is like to be young, belong to a small minority group, and be subjected to verbal assaults and opprobrium while trying to get an education in a public school, or perhaps some are simply insensitive to the injury that public scorn and ridicule can cause young minority students. Or maybe some simply find it difficult to comprehend the extent of the injury attacks such as Harper's cause gay students. Whatever the reason for the dissenters' blindness, it is surely not beyond the authority of local school boards to attempt to protect young minority students against verbal persecution, and the exercise of that authority by school boards is surely consistent with *Tinker*'s protection of the right of individual students "to be secure and to be let alone." *Tinker*, 393 U.S. at 508.

GOULD, Circuit Judge, concurring in the order denying the petition for rehearing en banc:

Hate speech, whether in the form of a burning cross, or in the form of a call for genocide, or in the form of a tee shirt misusing biblical text to hold gay students to scorn, need not under Supreme Court decisions be given the full protection of the First Amendment in the context of the school environment, where administrators have a duty to protect students from physical or psychological harms.

O'SCANNLAIN, Circuit Judge, with whom KLEINFELD, TALLMAN, BYBEE, and BEA, Circuit Judges, join, dissenting from denial of rehearing en banc:

Judge Kozinski's powerful dissent explains why the court errs in permitting school administrators to engage in viewpoint discrimination on the basis of a student's newly promulgated right to be free from certain offensive speech. I write only to emphasize why it was a mistake to fail to rehear this case en banc.

I

The Supreme Court has clearly stated that

> [i]n order for the State in the person of school officials to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint.

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969). Tyler Harper wore a T-shirt to his high school with the words "Be Ashamed, Our School Embraced What God Has Condemned" on the front and "Homosexuality Is Shameful 'Romans 1:27' " on the back. *Harper v. Poway Unified Sch. Dist.*, 445 F.3d 1166, 1171 (9th Cir. 2006). Harper's shirt was undoubtedly unpleasant and offensive to some students, but *Tinker* does not permit school administrators to ban speech on the basis of "a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint." 393 U.S. at 509.

Nevertheless, the panel majority stretches mightily to characterize Harper's message as a psychological attack that might "cause young people to question their self-worth and their rightful place in society." *Harper*, 445 F.3d at 1178.

According to the panel majority, a student's "right to be let alone" now includes a right to be free from "verbal assaults on the basis of a core identifying characteristic such as race, religion, or sexual orientation." *Id.* But if displaying a distasteful opinion on a T-shirt qualifies as a psychological or verbal assault, school administrators have virtually unfettered discretion to ban any student speech they deem offensive or intolerant.

In my view, this unprecedented—and unsupportable—expansion of the right to be let alone as including a right not to be offended has no basis in *Tinker* or its progeny, and we neglect our duty by failing to reexamine the majority's decision.

II

In reality, the panel majority's decision amounts to approval of blatant viewpoint discrimination. Harper wore his T-shirt after students involved in the Gay-Straight Alliance organized a "Day of Silence" in support of those of a different sexual orientation. School administrators permitted the "Day of Silence" but prohibited Harper from offering a different view—a decision now upheld by this court.

Such action is directly contrary to the "prohibition on viewpoint discrimination [that] serves . . . to bar the government from skewing public debate." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 894 (1995). We normally subject this type of viewpoint discrimination "to the most exacting First Amendment scrutiny," *Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 207 (3d Cir. 2001), because it "suggests an attempt to give one side of a debatable public question an advantage in expressing its views," *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 785 (1978). The panel majority failed to do so in this case.

Instead, under the panel majority's decision, school administrators are now free to give one side of debatable public

questions a free pass while muzzling voices raised in opposition. A respected First Amendment scholar notes that the panel majority's decision constitutes

> a dangerous retreat from our tradition that the First Amendment is viewpoint-neutral. It's an opening to a First Amendment limited by rights to be free from offensive viewpoints. It's a tool for suppression of one side of public debates (about same-sex marriage, about Islam, quite likely about illegal immigration, and more) while the other side remains constitutionally protected and even encouraged by the government.

Eugene Volokh, *Sorry, Your Viewpoint Is Excluded from First Amendment Protection*, April 20, 2006, http://volokh.com/posts/1145577196.shtml. No Supreme Court decision empowers our public schools to engage in such censorship nor has gone so far in favoring one viewpoint over another.

### III

I regret that we have failed to avail ourselves of the opportunity to reconsider a decision that departs so sharply from long-accepted First Amendment principles. I therefore respectfully dissent from our order denying rehearing en banc.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.